1  Viddell Lee Heard (# 175049)
    vheard@afrct.com
2  ANGLIN, FLEWELLING, RASMUSSEN,
    CAMPBELL & TRYTTEN LLP
3  199 South Los Robles Avenue, Suite 600
4  Pasadena, California 91101-2459
   Tel:  (626) 535-1900 | Fax:   (626) 577-7764
5
6  Attorneys for Defendant
   WELLS FARGO BANK, N.A., successor by
7  merger with Wells Fargo Bank Southwest,
   N.A., formerly known as Wachovia
8  Mortgage, FSB, formerly known as World
   Savings Bank, FSB (erroneously sued as
9  "Wells Fargo Home Mortgage, Inc.")
   ("Wells Fargo")
10

11              UNITED STATES DISTRICT COURT

12            EASTERN DISTRICT OF CALIFORNIA

13

14  MARIA A. MARQUEZ, an            CASE NO.:  1:14-cv-01877-LJO-GSA
15  individual and borrower,
                                    **WELLS FARGO BANK, N.A.'S
16           Plaintiff,             NOTICE OF MOTION AND MOTION
                                    TO DISMISS COMPLAINT;
17      v.                          MEMORANDUM OF POINTS AND
                                    AUTHORITIES**
18  WELLS FARGO HOME
    MORTGAGE, a business entity; and  [Filed with separate Request For Judicial
19  DOES 1 through 10 inclusive,      Notice]
20           Defendants.             Date:       January 14, 2015
21                                   Time:       8:30 a.m.
                                     Ctrm:       4, 7th Floor
22

23

24

25

26  **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN**:

27        **PLEASE TAKE NOTICE** that on January 14, 2015 at 8:30 a.m. or as soon

28  thereafter as the matter may be heard in Courtroom 4 of the above-entitled Court,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Defendant WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB ("Wells Fargo") will move to dismiss each claim for relief in the operative complaint. The grounds for this motion to dismiss, brought pursuant to Federal Rules of Civil Procedure 12(b)(6), are:

First Claim for Relief: Cancellation of Void Contract; Restitution; Breach of Contract

The complaint fails to state a claim because: (i) the claim is preempted by the Home Owners' Loan Act (HOLA); (ii) the complaint fails to allege a factual or legal basis for the claim; (iii) the claim is not plead with adequacy or particularity.

Second Claim for Relief: Actual Fraud

The complaint fails to state a claim because: (i) the claim is preempted by HOLA; (ii) the complaint fails to allege a factual or legal basis for the claim; (iii) the claim is not plead with adequacy or particularity.

Third Claim for Relief:  Breach of Fiduciary Duty

The complaint fails to state a claim because: (i) the claim is preempted by HOLA; (ii) the complaint fails to allege a factual or legal basis for the claim; (iii) the claim is not plead with adequacy or particularity.

Fourth Claim for Relief:  Declaratory Relief

The complaint fails to state a claim because: (i) the claim is preempted by HOLA; (ii) the complaint fails to allege a factual or legal basis for the claim; (iii) the claim is not plead with adequacy or particularity.

Fifth Claim for Relief: Violation of Bus. & Prof. Code § 17200 *et seq.*

The complaint fails to state a claim because: (i) the claim is preempted by HOLA; (ii) the complaint fails to allege a factual or legal basis for the claim; (iii) the claim is not plead with adequacy or particularity.

Sixth Claim for Relief: Violation of the Covenant of Good Faith and Fair Dealing

1    The complaint fails to state a claim because: (i) the claim is preempted by

2   HOLA; (ii) the complaint fails to allege a factual or legal basis for the claim; (iii)

3   the claim is not plead with adequacy or particularity.

4    This motion is based on this notice of motion and motion, the attached

5   memorandum of points and authorities, the accompanying request for judicial

6   notice and exhibits thereto, the documents on file in this action, the argument of

7   counsel, and on such other information as the Court may deem appropriate.

8                                    Respectfully submitted,

9   Dated:  December 1, 2014          ANGLIN, FLEWELLING, RASMUSSEN,
10                                        CAMPBELL & TRYTTEN LLP

11

12                                    By:  _____ /s/ Viddell Lee Heard _____
                                           Viddell Lee Heard
13                                         vheard@afrct.com
                                      Attorneys for Defendant
14                                    WELLS FARGO BANK, N.A., successor by
                                      merger with Wells Fargo Bank Southwest, N.A.,
15                                    formerly known as Wachovia Mortgage, FSB,
                                      formerly known as World Savings Bank, FSB
16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# <u>TABLE OF CONTENTS</u>

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

1.  INTRODUCTION .................................................................................. 1

2.  FACTS SUBJECT TO JUDICIAL NOTICE ................................................. 1

3.  PLAINTIFF'S CLAIMS ARE PREEMPTED BY HOLA ............................. 2

    A.  At The Time of Loan Origination, World Savings Bank, FSB, Was A Federal Savings Bank Operating Under HOLA ...................... 2

    B.  The U.S. Treasury's Office Of Thrift Supervision Intended That HOLA Apply After The Transfer Of A Loan Originated By A Federal Savings Bank ("FSB") ..................................................... 2

    C.  The Parties Agreed That HOLA And Its Regulations Would Govern, And Apply To Successor Lenders And Beneficiaries ........... 4

    D.  HOLA Preempts Each Claim ................................................. 7

4.  THE COURT SHOULD REJECT CLAIMS BASED ON THE MERITLESS "SECURITIZATION" ARGUMENT ................................... 10

5.  BY ENTERING INTO A MODIFICATION AGREEMENT, PLAINTIFF WAIVED ANY CLAIM REGARDING THE ORIGINATION OF THE LOAN .................................................... 11

6.  THE COMPLAINT DOES NOT STATE A CLAIM FOR BREACH OF FIDUCIARY DUTY .................................................... 13

7.  THE COMPLAINT DOES NOT STATE A FRAUD CLAIM ................... 13

    A.  The Claim Lacks Particularity ................................................. 14

    B.  Wells Fargo Owed No Duty of Disclosure ................................. 14

    C.  The Complaint Fails To Allege Any Actionable Misrepresentation .................................................................. 15

8.  THE COMPLAINT DOES NOT STATE A CLAIM FOR CANCELLATION OF UNCONSCIONABLE CONTRACT .................... 17

9.  THE COMPLAINT DOES NOT STATE A CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING .................................................................. 18

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

10.   THE COMPLAINT DOES NOT STATE A CLAIM FOR VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 *et seq.* ................................................................................................ 18

11.   PLAINTIFF'S CLAIMS FOR EQUITABLE RELIEF FAIL ..................... 20

    A.   Plaintiff's Failure To Tender The Outstanding Indebtedness Precludes  Equitable Relief ................................................. 20

    B.   Declaratory Relief Is Not An Independent Cause Of Action ............. 21

12.   CONCLUSION .......................................................................... 22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Amaral v. Wachovia Mortg. Corp.*,
  2010 U.S. Dist. LEXIS 22163, at **30-31 (E.D. Cal. Feb. 17, 2010) ............................... 8

*Ayala v. World Sav. Bank, FSB*,
  616 F. Supp. 2d 1007 (2009) ................................................................................... 9

*Babb v. Wachovia Mortgage, FSB*,
  2013 U.S. Dist. LEXIS 106228 (C.D. Cal. July 26, 2013) ............................. 6, 9

*Bassett v. Ruggles*,
  2009 U.S. Dist. LEXIS 83349 (E.D. Cal. Sept. 14, 2009) ................................. 8

*Begley v. Wells Fargo Home Mortg.*, No. CV 13-3681 BRO (SHx)
  (C.D. Cal. Oct. 28, 2013).......................................................................... 6

*Bridgeman, Jr. v. United States of America*,
  2011 U.S. Dist. Lexis 6059 (E.D. Cal. Jan. 21, 2011) ..................................... 21

*Castaneda v. Saxon Mortg. Servs.*,
  687 F. Supp. 2d 1191 (E.D. Cal. 2009) ............................................................. 11

*Collins v. Power Default Services, Inc.*,
  2010 U.S. Dist. LEXIS 3361 (N.D. Cal. Jan. 24, 2010) .................................. 21

*Cosio v. Simental*,
  2009 U.S. Dist. LEXIS 8385 (C.D. Cal. Jan. 27, 2009).................................... 8

*Do v. Wells Fargo Bank, N.A.*,
  2012 U.S. Dist. LEXIS 126768 (C.D. Cal. Aug. 27, 2012,
  Anderson, J.)......................................................................................... 1, 9

*Farrel Const. Co. v. Jefferson Parish*,
  896 F.2d 136 (5th Cir. 1990) .......................................................................... 16

*Fidelity Fed. Savs. & Loan Ass'n v. de la Cuesta*,
  458 U.S. 141 (1982) .................................................................................. 4

*Gerber v. Wells Fargo Bank, N.A.*,
  2012 U.S. Dist. LEXIS 15860 (D. Ariz. Oct. 19, 2011) .................................. 6, 7

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Glen Holly Entm't, Inc. vs. Tektronix, Inc.*,
　100 F. Supp. 2d 1086 (C.D. Cal. 1999) ........................................... 14

*Glover v. Fremont Inv. & Loan*,
　2009 U.S. Dist. LEXIS 117890 (N.D. Cal. Dec. 18, 2009) .............. 18

*Gonzalez v. First Franklin Loan Services*,
　2010 U.S. Dist. LEXIS 1657 (E.D. Cal. Jan. 11, 2010) ................... 15

*Guerrero v. Greenpoint Mortg. Funding*,
　2010 U.S. App. LEXIS 21617 (9th Cir. Oct. 7, 2010) ..................... 21

*Jelsing v. MIT Lending*,
　2010 U.S. Dist. Lexis 38515 (S.D. Cal. July 9, 2010) ................ 21, 22

*Jenkins v. JP Morgan Chase*,
　2013 Cal. App. LEXIS 394 (Cal. Ct. App. May 17, 2013) ............. 10, 11, 17

*Lane v. Vitek Real Estate Indus. Group*,
　713 F. Supp. 2d 1092 (E.D. Cal. 2010) .......................................... 22

*Loder v. World Sav. Bank, FSB*,
　2011 U.S. Dist. LEXIS 53166 (N.D. Cal. May 18, 2011) ............... 11

*Long Island Care at Home, Ltd. v. Coke*,
　551 U.S. 158 (2007) ........................................................................ 4

*Malikyar v. Sramek*,
　2008 U.S. Dist. LEXIS 96839 (N.D. Cal. 2008) ............................ 16

*Marquez v. Wells Fargo Bank*,
　2013 U.S. Dist. LEXIS 131364 (N.D. Cal. Sept. 13, 2013) ............. 6

*Mata v. Wells Fargo Bank, N.A.*,
　2013 U.S. Dist. LEXIS 108197 (C.D. Cal. July 31, 2013) ............... 6

*Metzger v. Wells Fargo Bank, N.A.*,
　2014 U.S. Dist. LEXIS 59427 (C.D. Cal. Apr. 28, 2014) ............. 1, 4

*Moore v. Kayport Package Express, Inc.*,
　885 F.2d 531 (9th Cir. 1989) ......................................................... 14

*Murphy v. Wells Fargo Bank, N.A.*,
　2011 U.S. Dist. LEXIS 78275 (N.D. Cal. July 19, 2011) ............... 11

*Naulty v. GreenPoint Mortg. Funding, Inc.*,
   2009 U.S. Dist. LEXIS 79250 (N.D. Cal. Sept. 3, 2009)...............7, 8

*Nool v. Homeq Servicing*,
   653 F. Supp. 2d 1047 (E.D. Cal. 2009) ............................................11

*Pantoja v. Countrywide Home Loans*,
   640 F. Supp. 2d 1177 (N.D. Cal. 2009) ...........................................11

*Poyorena v. Wells Fargo Bank, N.A.*,
   2014 U.S. Dist. LEXIS 49319 (C.D. Cal. Apr. 3, 2014)......................2

*Progressive Consumers Fed. Credit Union v. United States*,
   79 F.3d 1228 (1st Cir. 1996) .............................................................5

*Rijhwani v. Wells Fargo Home Mortg.*, Inc.,
   2014 U.S. Dist. LEXIS 27516, 1-2 (N.D. Cal. Mar. 3, 2014) ............6

*Roque v. Wells Fargo Bank N.A.*,
   2014 U.S. Dist. LEXIS 32935 (C.D. Cal. Feb. 3, 2014)......................6

*Santos v. Countrywide Home Loans*,
   2009 U.S. Dist. LEXIS 103453 (E.D. Cal. Nov. 6, 2009) .................21

*Silvas v. E\*Trade Mortg. Corp.*,
   514 F.3d 1001 (9th Cir. 2008)...............................................7, 9, 18

*U-Haul Int'l, Inc. v. Jartran, Inc.*,
   793 F.2d 1034 (9th Cir. 1986) .........................................................16

*Ungerleider v. Bank of America Corp.*,
   2010 U.S. Dist. LEXIS 138294 (C.D. Cal. Dec. 27, 2010) ..............14

*United Healthcare Corp. v. Am. Trade Ins. Co., Ltd.*,
   88 F.3d 563 (8th Cir. 1996)..............................................................16

*Vaughn v. CitiMortgage, Inc.*,
   2010 U.S. Dist. LEXIS 110405 (E.D. Cal. Oct. 18, 2010) ...............11

*Velasquez v. Chase Home Finance LLC*,
   2010 U.S. Dist. LEXIS 82065 (N.D. Cal. 2010)...............................15

*Winding v. Cal. Western Reconveyance Corp.*,
   2011 U.S. Dist. LEXIS 8962 ........................................................9, 11

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**STATE CASES**

*Aguilar v. Bocci,*
   39 Cal. App. 3d 475 (1974) ...................................................................20

*Burns v. Hiatt,*
   149 Cal. 617 (1906) ..............................................................................20

*California Grocers Ass'n v. Bank of America,*
   22 Cal. App. 4th 205 (1994) ..................................................................17

*Californians for Disability Rights v. Mervyn's, LLC,*
   39 Cal. 4th 223 (2006) ..........................................................................19

*Citizens of Humanity, LLC v. Costco Wholesale Corp.,*
   171 Cal. App. 4th 1 (2009) ....................................................................20

*Cortez v. Purolater Air Filtration Prod. Co.,*
   23 Cal.4th 163 (2000) ...........................................................................20

*Covenant Care, Inc. v. Superior Court,*
   32 Cal. 4th 771 (2004) ..........................................................................19

*Ferguson v. Avelo Mortg., LLC,*
   195 Cal. App. 4th 1616 (2011) ..............................................................11

*FPCI Re-Hab 01 v. E & G Invs.,*
   207 Cal. App. 3d 1018 (1989) ...............................................................20

*Graham v. Bank of America, N.A.,*
   226 Cal. App. 4th 594 (2014) ................................................................16

*Jones v. Wells Fargo Bank,*
   112 Cal. App. 4th 1527 (2003) ..............................................................17

*Khoury v. Maly's, Inc.,*
   14 Cal. App. 4th 612 (1993) ..................................................................19

*Kim v. Sumitomo Bank of Calif.,*
   17 Cal. App. 4th 974 (1993) ..................................................................13

*Kovich v. Paseo Del Mar Homeowners' Ass'n,*
   41 Cal. App. 4th 863 (1996) ..................................................................15

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Lopez v. World Savings & Loan Ass'n,*
  105 Cal. App. 4th 729 (2003) .......................................................................... 7

*Maudlin v. Pac. Decision Sciences,*
  137 Cal. App. 4th 1001 (2006) ........................................................................ 5

*McElroy v. Chase Manhattan Mortg. Corp.,*
  134 Cal. App. 4th 388 (2005) ......................................................................... 21

*Miller v. Provost,*
  26 Cal. App. 4th 1703 (1994) ........................................................................ 20

*Nguyen v. Calhoun,*
  105 Cal. App. 4th 428 (2003) .................................................................... 19, 21

*Nymark v. Heart Fed. Sav. & Loan Assn.,*
  231 Cal. App. 3d 1089 (1991) ........................................................................ 15

*Oakland Raiders v. Oakland-Alameda County Coliseum, Inc.,*
  114 Cal. App. 4th 1175 (2006) .................................................................. 12, 13

*OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.,*
  157 Cal. App. 4th 835 (2007) ......................................................................... 14

*Perlas v. GMAC Mort., LLC,*
  187 Cal. App. 4th 429 (2010) ......................................................................... 13

*Price v. Wells Fargo Bank,*
  213 Cal. App. 3d 465 (1989) .......................................................................... 13

*Siliga v. Mortg. Electronic Registration Sys.,*
  219 Cal. App. 4th 75 (2013) ..................................................................... 10, 11

*Sipe v. McKenna,*
  88 Cal. App. 2d 1001 (1948) .......................................................................... 20

*Software Design & Appl. Ltd. v. Hoelter v. Arnett, Inc.,*
  49 Cal. App. 4th 472 (1996) ........................................................................... 13

*Weiss v. Washington Mutual Bank,*
  147 Cal. App. 4th 72 (2007) ............................................................................ 7

*Wilhelm v. Pray, Price, Williams & Russell,*
  186 Cal. App. 3d 1324 (1986) ........................................................................ 14

**FEDERAL STATUTES**

12 U.S.C. § 1461, *et seq.* ................................................................................passim

**STATE STATUTES**

Cal. Bus. & Prof. Code §§ 17200 *et seq.*................................................................ 18

Cal. Bus. & Prof. Code § 17204 ............................................................................. 19

Cal. Civ. Code § 1689........................................................................................... 18

Cal. Civ. Code § 1691........................................................................................... 18

**RULES**

Fed. R. Civ. P. 9(b)..........................................................................................14, 19

Fed. R. Civ. P. 17(a)(1) ......................................................................................... 16

**REGULATIONS**

12 C.F.R. § 545.2 .................................................................................................... 7

12 C.F.R. § 560.2 .................................................................................................... 3

12 C.F.R. § 560.2(a) ............................................................................................... 5

12 C.F.R. § 560.2(b) ........................................................................................7, 8, 9

12 C.F.R. § 560.2(b)(4) .......................................................................................8, 9

12 C.F.R. § 560.2(b)(9) ........................................................................................... 8

12 C.F.R. § 560.2(b)(10) .................................................................................4, 8, 9

**OTHER AUTHORITIES**

9 Witkin, *Sum. Cal. Law*, Corp. (10th Ed. 2005) § 198 ...........................................5

Schwarzer, Tashima, et. al., *California Practice Guide: Federal Civil Procedure Before Trial* (2010).......................................................................... 16

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

viii

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   INTRODUCTION

This action represents Plaintiff's last-ditch effort to avoid the consequences of his longstanding admitted default on the mortgage loan she received in 2006 from Wells Fargo Bank, N.A.'s predecessor.[1] This motion explains why the complaint fails to state any claim on which relief may be granted.

The subject loan was originated with a federal savings bank, and therefore all of the claims are preempted by the Home Owners' Loan Act (HOLA). *See, e.g., Metzger v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 59427 (C.D. Cal. Apr. 28, 2014, Kronstadt,  J.); *Do v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 126768, at *14-*16 (C.D. Cal. Aug. 27, 2012, Anderson, J.) Moreover, each claim is unauthorized under California or federal law for the many other reasons explained below. Therefore, Wells Fargo asks the Court to dismiss the complaint under Federal Rules of Civil Procedure (FRCP) 9(b) and 12(b).

## 2.   FACTS SUBJECT TO JUDICIAL NOTICE

**The Mortgage Loan**. In October 2006, Plaintiff obtained from World Savings Bank, FSB a $254,000 loan for a property in Merced, California. The loan was memorialized in a promissory note and secured by a deed of trust. *See* RJN, Exs. F (deed) and G (note).

**Plaintiff's Initial Default and 2009 Modification Agreement**. In 2009, after Plaintiff's initial default on the loan, Plaintiff and Wells Fargo entered into a written modification agreement.  *See* RJN, Ex. H (copy of agreement). That modification agreement allowed her to make interest-only payments for five years. *See id*.

---

[1]  Wells Fargo Bank is the successor to World Savings Bank, FSB, the entity from whom Plaintiff  obtained the 2006 mortgage loan. This corporate chain of succession is more fully explained in Section 3, *infra*. For convenience, this brief will refer to these entities collectively as "Wells Fargo."

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    **Plaintiff's Most Recent Default And The Foreclosure Notices**. Plaintiff

2   defaulted again on the loan, most recently as of May 15, 2013. *See* RJN, Ex. I at 2

3   (referencing failure to make "5/15/2013" payment). Plaintiff did not cure this

4   default, so Wells Fargo caused a notice of default to be recorded on March 17,

5   2014 and a notice of sale to be recorded on September 22, 2014. *See* RJN, Exs. I

6   (notice of default) and J (notice of sale).

7         **3.   PLAINTIFF'S CLAIMS ARE PREEMPTED BY HOLA**

8   **A.   At The Time of Loan Origination, World Savings Bank, FSB, Was A**

9         **Federal Savings Bank Operating Under HOLA**

10         When Plaintiff took out the loan in 2006, World Savings Bank was a federal

11   savings bank regulated by the Office of Thrift Supervision ("OTS"). *See* RJN, Exs.

12   A and C. World changed its name to Wachovia Mortgage, FSB on December 31,

13   2007 (RJN, Ex. B) but it remained chartered under HOLA and overseen by the

14   OTS. RJN, Ex. C. Effective November 1, 2009, Wachovia Mortgage, FSB became

15   a division of Wells Fargo Bank, N.A. (RJN, Ex. D), until recently known as

16   Wachovia Mortgage (RJN, Ex. E).

17   **B.   The U.S. Treasury's Office Of Thrift Supervision Intended That HOLA**

18         **Apply After The Transfer Of A Loan Originated By A Federal Savings**

19         **Bank ("FSB")**

20         Preemption under HOLA "attaches to a loan, and continues with that loan

21   throughout its lifetime." *Poyorena v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist.

22   LEXIS 49319, at *16 (C.D. Cal. Apr. 3, 2014). "[P]rotections offered by HOLA

23   may be transferred from one  bank to another, even when the second bank would

24   not ordinarily be governed by it." *Id*. at *15-*16.

25         In 1985, the U.S. Treasury's Federal Home Loan Bank Board ("FHLBB")

26   issued a regulatory opinion finding that HOLA's preemption continues to apply to

27   a loan that is originated, but later transferred by a FSB:

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    It is our opinion that [HOLA] preemption would exist

2    regardless of whether the loans in question are sold by the

3    federal association to a third party, are being serviced by a third

4    party, or whether the escrow deposits are held at a federal

5    association while the loans have been sold in the secondary

6    market.

7  Op. Gen. Counsel, FHLBB (Aug. 13, 1985) (the "FHLBB Opinion Letter"),

8  available at 1985 FHLBB LEXIS 178, at *5 (emphasis added).  (RJN, Ex. K.)

9        In 2003, the FHLBB's successor -- the OTS – found that HOLA's 12 C.F.R.

10 § 560.2 preempted a New Jersey Predatory Lending Law even though the assignee

11 of the loan was not an FSB:  The OTS succinctly summarized the question:

12    You further ask whether purchasers or assignees of loans

13    originated by federal savings associations would be subject to

14    claims and defenses that would not apply to the federal savings

15    association that originated the loans . . . .

16 And, the OTS provided its definitive answer to that question:

17    [W]here the original creditor is a federal savings association,

18    the borrower's ability to assert claims and defenses against that

19    type of creditor is limited by federal preemption . . . . This

20    result would be consistent with the general principle that loan

21    terms should not change simply because an originator entitled

22    to federal preemption may sell or assign a loan to an investor

23    that is not entitled to federal preemption[.]

24 OTS Opinion Letter No. P-2003-5 (July 22, 2003) (the "2003 OTS Opinion

25 Letter"), at pp. 6-7, n. 18, available at 2003 OTS LEXIS 6, p. 5 (at *13) (OTS

26 2003).  (RJN, Ex. L.)

27        Therefore, since at least 1985, federal regulators have intended HOLA

28 preemption to survive the sale or transfer of FSB-originated loans to parties that

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

are not otherwise entitled to assert HOLA preemption.  Finding otherwise, according to the FHLBB, might interfere with the FSB's "sale" of loans - - a right that is itself free of state "imposed requirements."  12 C.F.R. § 560.2(b)(10).  And according to the OTS, for a court not to apply HOLA to FSB-originated loans after their sale or transfer would, in effect, change the loan documents.  Reliance on the agency opinion letters is proper in considering HOLA preemption.  *See Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158, 170–171 (2007) (agency interpretation controls FLSA wage and hour regulations); *Metzger v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 59427, at *11-*12, fn. 3 (C.D. Cal. Apr. 28, 2014) ("Such opinion letters are routinely considered as persuasive authority in cases interpreting agency regulations").  As recently held in *Metzger*, "[t]he OTS has adopted a 'general principle that loan terms should not change simply because an originator entitled to federal preemption may sell or assign a loan to an investor that is  not entitled to federal preemption.'" *Id*. at *12-*13 (citing the 2003 OTS Opinion Letter).  The 2003 OTS Opinion Letter and the FHLBB Opinion Letter are, no doubt, consistent with the Congressional intent and mandate that HOLA exclusively and comprehensively preempt the field.  *See Fidelity Fed. Savs. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153 (1982).[2]

**C.**   **The Parties Agreed That HOLA And Its Regulations Would Govern, And Apply To Successor Lenders And Beneficiaries**

HOLA still applies even though World Savings was ultimately merged into

---

[2] There is also no question that the 2003 OTS Opinion Letter remains controlling even though the OTS operations were merged into the Office of the Comptroller of the Currency ("OCC") pursuant to the Dodd Frank Act.  On December 8, 2011, the OCC announced that all OTS regulatory guidance and interpretations remained in effect unless they were specifically rescinded or modified.  *See* OCC 2011-47, OTS Integration Letter, Supervisory Policy Integration Process (Dec. 8, 2011) ("Integration Letter").  (RJN, Ex. M.)

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Wells Fargo Bank, N.A.  First, the Note and Deed of Trust are governed by the
federal regulations that apply to a federally chartered savings institution:

> 15.  GOVERNING LAW; SEVERABILITY.  This Security
> Instrument and the Secured Notes shall be governed by and
> construed under federal law and federal rules and regulations,
> including those for federally chartered savings institutions
> ("Federal Law") (emphasis in original)

(RJN, Ex. F at ¶15; RJN, Ex. G at ¶12.)  And the "federal rules and
regulations…for federally chartered savings institutions…" include HOLA and its
regulations.  12 C.F.R. § 560.2(a).

Second, Plaintiff and Wells Fargo also agreed that "Lender's rights" under
the Deed of Trust survive a merger:  "[A]ny Person who takes over Lender's rights
or obligations under this Security Instrument will have all of Lender's rights and
will be obligated to keep all of Lender's agreements made in this Security
Instrument."  RJN, Ex. F at ¶ 1. "Lender" is defined in the Deed of Trust as:
"WORLD SAVINGS BANK, FSB, ITS SUCCESSORS AND/OR ASSIGNEES.
Lender is a FEDERAL SAVINGS BANK, which is organized and exists under the
laws of the United States."  RJN, Ex. F at ¶1(c) (emphasis in original).  The Note
expands that definition, adding: "or anyone to whom this Note is transferred."
(RJN, Ex. G at ¶1.) Plaintiff  and Wells Fargo therefore agreed that "all" "rights"
of the "Lender", a federal savings bank, shall be transferred to anyone "who takes
over Lender's rights."

California law confirms that the surviving entity in a merger "succeeds to
the rights, property, debts, and liabilities, without other transfer."  9 Witkin, Sum.
Cal. Law, Corp. (10th Ed. 2005) § 198 p. 968; *Maudlin v. Pac. Decision Sciences,*
137 Cal. App. 4th 1001, 1009-10 (2006) (contract rights of acquired entity are
unchanged by merger); *Progressive Consumers Fed. Credit Union v. United*
*States*, 79 F.3d 1228, 1238 (1st Cir. 1996) ("it is hornbook law that the assignee of

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   a mortgage succeeds to all of the assignor's rights power and equities").

2        The post-merger application of HOLA has been recognized in numerous

3   decisions. "HOLA applies to this case even though Wells Fargo is not a federal

4   savings association because Plaintiffs' loan originated with World Savings, a

5   federal savings bank." *See, e.g., Marquez v. Wells Fargo Bank*, 2013 U.S. Dist.

6   LEXIS 131364, at *11 (N.D. Cal. Sept. 13, 2013) ("In this case, however, given

7   that plaintiffs contracted with a [FSB], and that the parties agreed to be bound by

8   such laws under the terms of the Deed of Trust, the court finds no bar to applying

9   HOLA preemption."); *Babb v. Wachovia Mortgage, FSB*, No. CV 12-02038 BRO

10  (CWx), 2013 U.S. Dist. LEXIS 106228, at *12-*13 (C.D. Cal. July 26, 2013)

11  ("Plaintiffs contracted with a [FSB].  Further, the parties agreed to be bound by

12  such laws under the terms of the trust deed.  Thus, HOLA preemption applies in

13  this case."); *Mata v. Wells Fargo Bank*, No. CV 13-03771 BRO (CWx), 2013 U.S.

14  Dist. LEXIS 108197, at *11-*12 (C.D. Cal. July 31, 2013) ("Paragraph 15 of the

15  Trust Deed . . . states that the instrument 'shall be governed under federal law and

16  federal rules and regulations including those for federally chartered savings

17  institutions.'  The fact that World Savings Bank merged in[to] Wachovia and later

18  merged into Wells Fargo does not render HOLA inapplicable.") (internal citations

19  omitted); *Begley v. Wells Fargo Home Mortg.*, No. CV 13-3681 BRO (SHx) (C.D.

20  Cal. Oct. 28, 2013) ("[B]ecause Plaintiff entered into an agreement with a [FSB],

21  and further agreed to be bound by the laws governing federal savings institutions,

22  HOLA preemption applies in this case.").[3]

23

24  [3]   A minority of cases adopt the holding from the Arizona District Court case of

25  *Gerber v. Wells Fargo Bank, N.A.,* 2012 U.S. Dist. LEXIS 15860 (D. Ariz. Oct.
    19, 2011).  *Gerber* held that HOLA does not apply to Wells Fargo.  *Id.* at *7-*10.

26  *See e.g.*, *Rijhwani v. Wells Fargo Home Mortg.*, Inc., 2014 U.S. Dist. LEXIS

27  27516, 1-2 (N.D. Cal. Mar. 3, 2014); *Roque v. Wells Fargo Bank N.A.*, 2014 U.S.
    Dist. LEXIS 32935, 10-11 (C.D. Cal. Feb. 3, 2014).  Yet, neither *Gerber* nor any

28  of the decisions that rely on it consider the full analysis on HOLA preemption,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**D.    HOLA Preempts Each Claim**

OTS regulations issued pursuant to HOLA are "intended to preempt all state laws purporting to regulate any aspect of the lending operations of a federally chartered savings association, whether or not OTS has adopted a regulation governing the precise subject of the state provision." *Lopez v. World Savings & Loan Ass'n*, 105 Cal. App. 4th 729, 738 (2003); see 12 C.F.R. § 545.2.  Preemption under HOLA first questions whether the type of state law appears on the list set forth in 12 C.F.R. § 560.2(b).  If it does, the analysis ends and the state law is preempted.  There is no second step.  *Silvas, supra*, at 1005.  Any doubt is resolved in favor of preemption.  *Weiss v. Washington Mutual Bank*, 147 Cal. App. 4th 72, 77 (2007).  In determining whether a state law claim falls within one of the categories of 12 C.F.R. § 560.2(b), courts focus on the "functional effect upon lending operations of maintaining the cause of action", rather than the precise label a plaintiff attaches to the claim.  *Naulty v. GreenPoint Mortg. Funding, Inc*., 2009 U.S. Dist. LEXIS 79250, *12 (N.D. Cal. Sept. 3, 2009).  As the Ninth Circuit observed in *Silvas v. E*Trade Mortg. Corp*., 514 F.3d 1001, 1004-05 (9th Cir. 2008), the OTS's construction of its own regulation 560.2 "must be given controlling weight" and the court went on to declare that any presumption against preemption of state law does not apply to HOLA. Any doubt should be resolved in favor of preemption. *Weiss, supra,* 147 Cal. App. 4th at 76-77.

The claims in this case are based on three categories of alleged misconduct.  <u>First</u>, the complaint attacks the origination of the loan, alleging that Wells Fargo failed to disclose all necessary facts, mischaracterized other facts, offered Plaintiff

---

including the contract requirements and the regulatory authority discussed above. In fact, *Gerber* cites next to nothing for the proposition that HOLA does not continue to apply to federal savings bank-originated loans.  For these reasons, *Gerber* and its progeny do not compel a different result on HOLA preemption.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

7

1    an "unconscionable" loan that she could not afford, and included unspecified

2    "excessive and/or bogus fees" in the closing statement. *See, e.g.,* Compl. ¶¶ 24-47,

3    106-07, 126-29, 156, 165-66, 172, 196. However, HOLA regulation 12 C.F.R. §

4    560.2(b)(4) encompasses claims based on the "terms of credit" of a loan, 12 C.F.R.

5    § 560.2(b)(9) encompasses claims based on "disclosure" regarding the loan, and 12

6    C.F.R. § 560.2(b)(10) encompasses claims pertaining to the "origination" of a loan.

7    In *Bassett v. Ruggles*, No. CV-F-09-528, 2009 U.S. Dist. LEXIS 83349 (E.D. Cal.

8    Sept. 14, 2009), the District Court, after surveying the landscape of HOLA

9    preemption case law, concluded that the cases "universally indicate Plaintiff's

10   claims based on fraud or conspiracy to breach fiduciary duties against Flagstar

11   based on the allegation that Ruggles/IGS induced Plaintiffs to enter into a loan

12   with an interest rate higher than Plaintiffs were qualified for will be preempted by

13   HOLA." *Id.* at *60. In *Cosio v. Simental,* 2009 U.S. Dist. LEXIS 8385 (C.D. Cal.

14   Jan. 27, 2009), the court found that statutory claims that defendants convinced

15   plaintiffs to enter into "complicated, risky and oppressive" loans and failed to

16   disclose "the terms, risks and consequences of that type of loan", triggered several

17   sections of § 560.2(b).  The court held that "because the claims, as applied, turn on

18   types of state law listed in § 560.2(b), the preemption analysis ends there." *Id.* at

19   **13-15.  In *Amaral v. Wachovia Mortg. Corp.*, 2010 U.S. Dist. LEXIS 22163, at

20   **30-31 (E.D. Cal. Feb. 17, 2010), the plaintiff's fraud and conversion claims were

21   preempted because they related to the loan origination.  In *Naulty v. Greenpoint*

22   *Mortg. Funding, Inc.*, 2009 U.S. Dist. LEXIS 79250, at *14 (N.D. Cal. Sept. 2,

23   2009), the plaintiff's state law claims (e.g., fraud, breach of fiduciary duty,

24   negligence) were preempted by § 560.2(b)(10) because they too related to the

25   origination of plaintiff's mortgage.

26        Second, complaint alleges that Wells Fargo "securitized" or otherwise

27   transferred the loan. *See, e.g.,* Compl. ¶¶ 66-70, 76-78 (simultaneously alleging

28   that Wells Fargo is "not authorized to negotiate a loan modification" and suing

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   Wells Fargo for failing to negotiate one), 84, 118-19, 133-134. However, HOLA

2   regulation 12 C.F.R. § 560.2(b)(10) preempts claims based on the "sale or

3   purchase of, or investment or participation in, mortgages." In addition, regulation

4   12 C.F.R. § 560.2(b)(4) encompasses claims pertaining to foreclosure ("the

5   circumstances under which a loan may be called due and payable upon the passage

6   of time"). This Court has previously ruled that similar claims based on the alleged

7   securitization of the loan were preempted by HOLA. *See Winding v. Cal. Western*

8   *Reconveyance Corp.*, 2011 U.S. Dist. LEXIS 8962 at **29-34 (E.D. Cal. Jan. 21,

9   2011).

10      Third, the complaint alleges that Wells Fargo wrongfully failed to modify or

11   consider Plaintiff's request to modify the loan. *See, e.g.,* Compl. ¶¶ 58-69, 74-77,

12   88, 93. However, HOLA regulation 12 C.F.R. § 560.2(b)(10) encompasses claims

13   based on the "processing [or] servicing" of a loan, while 12 C.F.R. § 560.2(b)(4)

14   encompasses claims pertaining to modification ("adjustments to the interest rate,

15   balance, payments due, or term to maturity of the loan") and foreclosure ("the

16   circumstances under which a loan may be called due and payable upon the passage

17   of time"). Regulation 12 C.F.R. § 560.2(b)(10) also encompasses claims that take

18   issue with the "servicing" of a loan. Accordingly, HOLA preempts all claims on

19   this basis. *See, e.g., Do v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 126768,

20   at *14-*16 (C.D. Cal. Aug. 27, 2012); *see also Babb v. Wachovia Mortg., FSB*,

21   2013 U.S. Dist. LEXIS 106228, at *22 (C.D. Cal. July 26, 2013); *Ayala v. World*

22   *Sav. Bank, FSB*, 616 F. Supp. 2d 1007, 1016 (2009) (same).

23      The *Silvas* court made clear what happens when the allegations in a

24   complaint fall within one of the categories listed under 12 C.F.R. § 560.2(b):  "If

25   so, the analysis will end there; the law is preempted." *Silvas*, 514 F.3d at 1005.

26   Here, every material basis of Plaintiff's claims is preempted by HOLA regulations,

27   and therefore those claims are as well. The Court should dismiss those claim with

28   prejudice.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**4.**   **THE COURT SHOULD REJECT CLAIMS BASED ON THE MERITLESS "SECURITIZATION" ARGUMENT**

As noted, the complaint is based in large part on the assertion that, by "securitizing" the loan, Wells Fargo lacks the ability to foreclose. *See, e.g.,* Compl. ¶¶ Compl. ¶¶ 66-70, 76-78, 84, 118-19, 133-134, Prayer for Relief. Plaintiff is not the first party to try to avoid foreclosure by arguing that the foreclosing lender does not "hold" the note or is not the "true" – but always suspiciously unidentified -- beneficiary. Many borrowers have raised that argument in an attempt to forestall or undo a foreclosure, and many California courts have rejected it as a matter of law.

The court in *Jenkins v. JP Morgan Chase*, 216 Cal. App. 4th 497 (2013) concluded that no legal basis exists for an action to challenge a lender's authority to initiate foreclosure. "California courts have refused to delay the nonjudicial foreclosure process by allowing trustor-debtors to pursue preemptive judicial actions to challenge the right, power, and authority of a foreclosing 'beneficiary' or beneficiary's 'agent' to initiate and pursue foreclosure." *Id.* at 511. Indeed, "the statutory provisions . . . do not require that the foreclosing party have an actual beneficial interest in both the promissory note and deed of trust to commence and execute a nonjudicial foreclosure sale." *Id.* at 513. As an alternative basis for dismissing the borrower's claims with prejudice, the *Jenkins* court ruled that no actual controversy exists between a defaulted borrower and the foreclosing lender who allegedly does not possess the note. "Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor. As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note." *Id.* at 515 (internal quotations omitted). The court in *Siliga v. Mortg. Electronic Registration Sys.*, 219 Cal. App. 4th 75 (2013) also observed that "California courts have refused to allow trustors to delay the nonjudicial foreclosure process by pursuing preemptive judicial actions challenging the authority of a foreclosing 'beneficiary' or

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  beneficiary's 'agent.'" *Jenkins* and *Siliga* join a long line of cases that have

2  rejected the "holder in due course" argument as a matter of law.[4]

3     Here, the Court may take judicial notice that Wells Fargo is the lender

4  under the note and the beneficiary under the deed of trust. The note identifies

5  "World Savings Bank, FSB, a federal savings bank, *its successors* and/or

6  assignees, or *anyone to whom this Note is transferred*" as the lender, while the

7  deed of trust identifies "World Savings Bank, FSB, *its successors* and/or

8  assignees" as the lender and beneficiary. *See* RJN, Exs. F at 1-2, G at 1 (emphasis

9  added). As demonstrated in Section 3.A, *supra,* Wells Fargo is World's successor-

10  in-interest. *See* Section 3.A. Wells Fargo therefore has the authority to enforce the

11  note and deed of trust. Accordingly, the Court should dismiss each claim to the

12  extent it is based on the complaint's securitization.

13  **5.  BY ENTERING INTO A MODIFICATION AGREEMENT,**

14  **PLAINTIFF WAIVED ANY CLAIM REGARDING**

15  **THE ORIGINATION OF THE LOAN**

16     The complaint asserts that, in 2006, Wells Fargo committed fraud and other

17  abuses by allowing Plaintiff to take out a loan she could not afford. *See* Compl. ¶¶

18  24-47. However, Plaintiff entered into a written agreement modifying the terms of

19  the loan. *See* RJN, Ex. H. By voluntarily entering into the modification agreement,

---

20  [4] *See, e.g., Winding*, 2011 U.S. Dist. LEXIS 8962, at *18-*27; *Pantoja v.*
21  *Countrywide Home Loans*, 640 F. Supp. 2d 1177, 1186 (N.D. Cal. 2009); *Vaughn*
22  *v. CitiMortgage, Inc.*, 2010 U.S. Dist. LEXIS 110405, at  *3 (E.D. Cal. Oct. 18,
23  2010) (holder in due course allegation fails to state a claim; motion to dismiss
    granted without leave to amend); *Castaneda v. Saxon Mortg. Servs.*, 687 F. Supp.
24  2d 1191, 1201 (E.D. Cal. 2009); *Nool v. Homeq Servicing*, 653 F. Supp. 2d 1047,
25  1053 (E.D. Cal. 2009); *Loder v. World Sav. Bank, FSB*, 2011 U.S. Dist. LEXIS
    53166, at *23 (N.D. Cal. May 18, 2011); *Ferguson v. Avelo Mortg., LLC*, 195 Cal.
26  App. 4th 1616, 1627 (2011) ("Appellants offer no authority, state or federal, to
    support the legal loophole they claim for defaulting borrowers and their
27  successors."); *Murphy v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 78275,
28  at *6-*7 (N.D. Cal. July 19, 2011).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   Plaintiff waived any claim regarding the origination of the loan.

2          [O]ne who, after discovery of an alleged fraud, ratifies the

3          original contract by entering into a new agreement granting him

4          substantial benefits with respect to the same subject matter, is

5          deemed to have waived his right to claim damages for

6          fraudulent inducement. While it has not recently been the

7          central focus of judicial scrutiny in this state, the rule still

8          stands as binding precedent. . . . The rule is universally

9          recognized and is illustrated in cases from numerous other

10         jurisdictions.

11  *Oakland Raiders v. Oakland-Alameda County Coliseum, Inc.,* 114 Cal. App. 4th

12  1175, 1186-87 (2006) (citing California and non-California cases).[5]

13         Here, the modification agreement  specifically and unambiguously ratified

14  the original loan agreement: "Borrower agrees that, except as expressly modified

15  in this Agreement, the Note and Security Instrument remain in full force and effect

16  and are valid, binding obligations upon Borrower, . . . and are properly secured by

17  the Property." RJN, Ex. H at 1; *see also id.* at 2 (Plaintiff acknowledging she "had

18  an opportunity to consult with an attorney of [her] choosing" and she had

19  "voluntarily entered into" the modification agreement). The modification

20  agreement granted Plaintiffs substantial benefits: it "forg[a]ve accrued,

21  outstanding and not capitalized interest through . . . April 14, 2009," waived "all

22  outstanding late charges and return check fees," and allowed Plaintiff to make

23  interest-only payments for five years. *See id.* It is also relevant that Plaintiff did

24  not challenge the origination of the loan via lawsuit until more than five years

25  after she signed the modification agreement. The waiver/equitable estoppel rule

26

27  [5] Later in the opinion, the *Oakland Raiders* court explained that this rule "is better
understood as an application of the doctrine of equitable estoppel than 'waiver' in
28  the traditional sense, which generally rests on a party's intent." *Id.* at 1189.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  exists to prevent from "deny[ing] one state of facts if he intentionally led another

2  to believe that a particular circumstance to be true and to rely upon such belief to

3  his detriment." *See Oakland Raiders*, 114 Cal. App. 4th at 1189. Here, Plaintiff

4  expressly represented to Wells Fargo that the original loan agreements were valid

5  and binding, and Wells Fargo relied on that representation by making it an express

6  condition of the modification agreement.

7      Accordingly, Plaintiff waived or is estopped to assert any claim regarding

8  the origination of the loan or Wells Fargo's status as lender. Because all of the

9  claims in the complaint challenge these issues, all claims should be dismissed to

10  that extent.

## 6.  THE COMPLAINT DOES NOT STATE A CLAIM FOR BREACH OF FIDUCIARY DUTY

13      The Third Cause of Action fails as a matter of law because Wells Fargo did

14  not owe Plaintiff a fiduciary duty. "A debt is not a trust and there is not a fiduciary

15  relation between debtor and creditor as such. . . . The same principle should apply

16  with even greater clarity to the relationship between a bank and its loan

17  customers." *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476-478 (1989).[6]

18  Here, Wells Fargo was acting in its capacity as a lender of money (as opposed to,

19  for example, an investment advisor), and it owed Plaintiff no fiduciary duty.

## 7.  THE COMPLAINT DOES NOT STATE A FRAUD CLAIM

21      The Second Cause of Action alleges that Wells Fargo misrepresented that

22  Plaintiff qualified for the loan, "inflated" Plaintiff's income on her loan

23  application, "inflated Plaintiff's [property] appraisals," and filed to disclose that it

24  would "transfer" the loan. Compl. ¶¶ 126-32. These allegations fail to establish an

26  [6] *See also Perlas v. GMAC Mort., LLC*, 187 Cal. App. 4th 429, 436 (2010) ("A commercial lender pursues its own economic interests in lending money"); *Software Design & Appl. Ltd. v. Hoelter v. Arnett, Inc*., 49 Cal. App. 4th 472, 479 (1996); *Kim v. Sumitomo Bank of Calif*., 17 Cal. App. 4th 974, 979-981 (1993).

1   actionable fraud claim, for several reasons.

2   **A.   The Claim Lacks Particularity**

3   　　To state a fraud claim under California law, a plaintiff must allege: (i) a false

4   representation as to material fact, (ii) knowledge of its falsity, (iii) intent to

5   defraud, (iv) actual and justifiable reliance, and (v) resulting damage. *Wilhelm v.*

6   *Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1331 (1986). FRCP 9(b),

7   however, requires that fraud allegations be pled with particularity. *Glen Holly*, 100

8   F. Supp. 2d at 1093-1094. Rule 9(b) mandates the explicit identification of context.

9   "This means the who, what, when, where and how…." *Id.* at 1094. Vague or

10   conclusory allegations are insufficient to satisfy Rule 9(b)'s particularity

11   requirement. *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th

12   Cir. 1989).

13   　　As against corporate defendants, Rule 9(b) requires plaintiffs to plead:

14   (1) the misrepresentation, (2) the speaker and her authority to speak, (3) when and

15   where the statements were made, (4) whether the statements were oral or written,

16   (5) if written, the documents containing the representations, and (6) the manner in

17   which the representations were allegedly false. *Ungerleider v. Bank of America*

18   *Corp.*, 2010 U.S. Dist. LEXIS 138294 at *12 (C.D. Cal. Dec. 27, 2010).

19   　　Here, the fraud claim is vague and plainly does not disclose the "who, what,

20   when, where and how" required by Rule 9(b). It does not identify the precise

21   misrepresentation or wrongfully undisclosed fact that is the basis of the claim,

22   much less who made the supposed misrepresentation(s) or failed to make the

23   required disclosure(s); the person's (or persons') authority to bind Wells Fargo;

24   when and where the offending conduct took place; or why the false or omitted

25   information was material. Therefore, the claim fail to comply with Rule 9(b).

26   **B.   Wells Fargo Owed No Duty of Disclosure**

27   　　"[T]o establish fraud through nondisclosure or concealment of facts, it is

28   necessary to show the defendant 'was under a legal duty to disclose them.'" *OCM*

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.,* 157 Cal. App. 4th 835, 846 (2007). "The general rule for liability for nondisclosure is that even if material facts are known to one party and not the other, failure to disclose those facts is not actionable fraud unless there is some fiduciary or confidential relationship giving rise to a duty to disclose." *Kovich v. Paseo Del Mar Homeowners' Ass'n,* 41 Cal. App. 4th 863, 866 (1996). However, "[a]s a general rule, 'a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.'" *Velasquez v. Chase Home Finance LLC*, 2010 U.S. Dist. LEXIS 82065, at *5 (N.D. Cal. 2010) (quoting *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991)); *see also Nymark*, 231 Cal. App. 3d at 1092 ("[A] financial institution acting within the scope of its conventional activities as a lender of money owes no duty of care to a borrower in preparing an appraisal of the security for a loan when the purpose of the appraisal simply is to protect the lender by satisfying it that the collateral provides adequate security for the loan").

Here, Wells Fargo was acting in its traditional role as a lender in originating the loan, as opposed to acting as an investment advisor or joint venturer. *See, e.g.,* RJN, Exs. F and G (standard loan agreements). Therefore, Wells Fargo owed Plaintiff no duty of disclosure and the Second Cause of Action fails to state a fraud claim to the extent it is alleges a fraudulent failure to disclose. *See* Compl. ¶¶ 132, 133-34.

**C.   The Complaint Fails To Allege Any Actionable Misrepresentation**

<u>Securitization</u>. The complaint alleges that Wells Fargo fraudulently failed to disclose that the loan had been sold. *See* Compl. ¶¶ 132-33. But, as demonstrated in Section 4, *supra,* the Court may take judicial notice that the loan was never sold or transferred to a different entity. Originating lender World Savings Bank merely merged with Wells Fargo Bank, N.A.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    <u>Property Appraisal and Suitability of Loan</u>. The complaint also alleges that

2    Wells Fargo "inflated" its appraisal of the value of the property. Compl. ¶ 129.

3    However, "[s]tatements regarding the appraised value of the property are not

4    actionable fraudulent misrepresentations." *Graham v. Bank of America, N.A.*, 226

5    Cal. App. 4th 594, 606 (2014). Such statements are matters of opinion. *See id.* at

6    606-7. Statements about how "good" a loan is are similarly inactionable

7    statements of opinion. *See id.* at 607.

8    <u>Inflated Income In Loan Application</u>. Perhaps the most frivolous allegation

9    is that Wells Fargo committed fraud when an unidentified representative inserted a

10   falsely inflated income in Plaintiff's loan application, and allegedly did so *after*

11   Plaintiff signed the application. *See* Compl. ¶¶ 39, 128. One element of fraud is

12   Plaintiff's reasonable reliance on the fraudulent statement. *See* Section 7.A, *supra.*

13   Plaintiff here cannot establish reasonable reliance, because she cannot have relied

14   on statements she never saw. *See* Compl. ¶ 39.[7] At best, Plaintiff alleges that a

15   Wells Fargo employee lied to his or her bosses about Plaintiff's income. Wells

16   Fargo cannot have defrauded itself, and Plaintiff lacks standing to assert a claim

17   based on such a purported misrepresentation.[8]

18   _____

19   [7] If she actually *did* see the false income information, she could not have

20   reasonably relied on statements that she knew were false.

21   [8] *See* FRCP 17 (a)(1) provides that "An action must be prosecuted in the name of

     the real party in interest." "The real party in interest is the person who has the right

22   to sue under the substantive law. In general, it is the person holding title to the

     claim or property involved, as opposed to others who may be interested in or

23   benefit by the litigation." *Malikyar v. Sramek*, 2008 U.S. Dist. LEXIS 96839, 7-8

24   (N.D. Cal. 2008), citing *U-Haul Int'l, Inc. v. Jartran, Inc.,* 793 F.2d 1034, 1038

     (9th Cir. 1986)(criticized on other grounds). *See also United Healthcare Corp. v.*

25   *Am. Trade Ins. Co., Ltd.,* 88 F.3d 563, 568-69 (8th Cir. 1996) ("This rule requires

26   that the party who brings an action actually possess, under the substantive law, the

     right sought to be enforced."); *Farrel Const. Co. v. Jefferson Parish,* 896 F.2d

27   136, 140 (5th Cir. 1990) ("The real party in interest is the person holding the

28   substantive right sought to be enforced, and not necessarily the person who will

     ultimately benefit from the recovery."); *see also* Schwarzer, Tashima, et. al.,

### 8.   THE COMPLAINT DOES NOT STATE A CLAIM FOR CANCELLATION OF UNCONSCIONABLE CONTRACT

The First Cause of Action is confusingly labeled a claim for "Cancellation Of Void Contract; Breach Of Contract." The claim mashes together two distinct arguments and requests for relief. <u>First</u>, it seeks to cancel the note and/or deed of trust (the complaint does not specify which) based on the alleged unconscionability of its terms. *See* Compl. ¶¶ 106-8. <u>Second</u>, it asserts that Wells Fargo's alleged securitization of the loan constituted a breach of one or both loan agreements. *See id.* ¶¶ 118-19.

**Securitization**. As demonstrated in Sections 3.A and 4, *supra*, the loan was not securitized, so the First Cause of Action fails to the extent it falsely alleges otherwise. Moreover, the complaint does not identify any provision of either loan contract that prohibits the lender from selling some or all of its interest in the loan. Indeed, as the *Jenkins* court observed, "[b]ecause a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor." *Jenkins,* 216 Cal. App. 4th at 515 (internal quotations omitted). Wells Fargo's sale of the loan would not have breached the note or deed of trust.

**Unconscionability**. The doctrine of unconscionability is not a recognized claim for affirmative relief, but is instead a defense to the enforcement of a contract.  *Jones v. Wells Fargo Bank*, 112 Cal. App. 4th 1527, 1539 (2003); *California Grocers Ass'n v. Bank of America*, 22 Cal. App. 4th 205, 213 (1994) (unconscionability operates as a defense to enforcement of a contract of adhesion). For these reasons alone, the ninth claim for relief is invalid.

Additionally, the First Cause of Action purports to seek a cancellation of the "contract", which is really a claim for rescission. Rescission is a remedy, not an

---

*California Practice Guide:  Federal Civil Procedure Before Trial*  (2010) § 7:3:2, at 7-3 (comparing constitutional standing requirement with prudential real-party-in-interest requirement).

17

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  independent cause of action.  Cal. Civ. Code §§ 1689, 1691-92.  To effect a

2  rescission, a party must tender the amounts received under the contract.  *See* Cal.

3  Civ. Code § 1691.  Plaintiff makes no claim that she has or will do so. Again, the

4  claim has no merit as pled.

### 9.   THE COMPLAINT DOES NOT STATE A CLAIM FOR
### BREACH OF THE IMPLIED COVENANT OF
### GOOD FAITH AND FAIR DEALING

8       The Sixth Cause of Action for breach of the implied covenant of good faith

9  and fair dealing alleges that Wells Fargo breached the implied covenant during the

10  origination of the loan through various "predatory lending practices." Compl. ¶

11  196. However, pre-contract activity cannot be the basis of a claim for breach of the

12  implied covenant, which presupposes the existence of a valid contract. "To the

13  extent that Plaintiff alleges that any pre-contractual misrepresentations were made,

14  the doctrine of the covenant of good faith and fair dealing is inapplicable. . . . [I]f

15  Plaintiff's allegations pertain to the formation of the contract, rather than its

16  performance or enforcement, they will not be sufficient." *Glover v. Fremont Inv. &*

17  *Loan*, 2009 U.S. Dist. LEXIS 117890 at *19-*20 (N.D. Cal. Dec. 18, 2009). Here,

18  Plaintiff contends essentially that the note contains an implied covenant not to

19  exist. That makes no sense.

### 10.  THE COMPLAINT DOES NOT STATE A CLAIM FOR VIOLATION
### OF BUSINESS & PROFESSIONS CODE §§ 17200 *et seq.*

22       The Fifth Cause of Action alleges that Wells Fargo violated Bus. & Prof.

23  Code §§ 17200 *et seq.* (the "UCL"). The claim is based on the alleged misconduct

24  alleged earlier in the complaint, namely the purportedly fraudulent origination of

25  the loan, the purportedly unconscionable terms of the loan, and Wells Fargo's

26  purported securitization of the loan. *See* Compl. ¶¶ 172-174, 178. The claim fails

27  for at least two reasons.

28       First, it is preempted by HOLA. *See* Section 3, *supra*; *Silvas*, 514 F.3d at

*Left margin (vertical):* ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   1006 (holding UCL claim based on alleged misrepresentation preempted by

2   HOLA).

3       Second, the claim lacks the required particularity. A UCL claim must state

4   the facts supporting the alleged violation with reasonable particularity. *Khoury v.*

5   *Maly's, Inc.,* 14 Cal. App. 4th 612, 619 (1993); *Nguyen*, 2010 U.S. Dist. LEXIS

6   113246 at *42; *Covenant Care, Inc. v. Superior Court*, 32 Cal. 4th 771, 790 (2004)

7   ("statutory causes of action must be pleaded with particularity"). Moreover, FRCP

8   9(b) requires allegations of fraud to be made with particularity, and the UCL claim

9   in this case is based largely on Wells Fargo's supposed fraud. *See* Compl. ¶¶ 172-

10  74. Yet the Fifth Cause of Action is devoid of particularized factual allegations.

11  *See* Section 7, *supra*.

12      Third, the complaint fails to allege unlawful, unfair or fraudulent business

13  practices. As demonstrated earlier in this brief, Wells Fargo did not securitize the

14  loan (*see* Section 4, *supra*); by entering into a 2009 modification agreement,

15  Plaintiff waived any claim based on the 2006 origination of the loan (*see* Section 5,

16  *supra*); Wells Fargo did not owe Plaintiff a fiduciary duty to prevent her from

17  taking out the loan (*see* Section 6, *supra*); Wells Fargo's statements were either

18  truthful or "inactionable" assertions of opinion (*see* Section 7, *supra*); Plaintiff is

19  not entitled to rescind the loan (*see* Section 8, *supra*); and Wells Fargo did not

20  breach an implied covenant of the contract before the contract even existed. *See*

21  Section 9, *supra*.

22      Second, Plaintiff lacks standing to bring this claim. A plaintiff has standing

23  to sue under the UCL only if she has (1) "suffered injury in fact" and (2) "has lost

24  money or property as a result of" the unfair competition he challenges.  *See* Bus. &

25  Prof. Code § 17204; *Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal.

26  4th 223, 227 (2006). Also, "[b]ecause the remedies for individuals under the [unfair

27  competition law] are restricted to injunctive relief and restitution, the import of the

28  [UCL Section 17204 loss of money or property] requirement is to limit standing to

1  individuals who suffer losses of money or property that are eligible for restitution."

2  *Citizens of Humanity, LLC v. Costco Wholesale Corp.*, 171 Cal. App. 4th 1, 22

3  (2009) (citations omitted). Damages are not recoverable under the UCL. *See*

4  *Cortez v. Purolater Air Filtration Prod. Co.*, 23 Cal.4th 163, 173 (2000). Here, the

5  complaint does not state facts showing that Plaintiff suffered any loss due to Wells

6  Fargo's refusal to change the terms of her loan contracts – e.g., that Plaintiff was

7  entitled to a loan modification and has been forced to make higher mortgage

8  payments. Instead, the complaint acknowledges that Plaintiff defaulted on the loan,

9  and the foreclosure notices confirm that fact. *See* Compl. ¶ 17; RJN, Exs. I and J.

10  **11.  PLAINTIFF'S CLAIMS FOR EQUITABLE RELIEF FAIL**

11  Each claim seeks equitable relief in the form of an injunction, judicial

12  declaration, or restitution. *See* Prayer for Relief.

13  **A.  Plaintiff's Failure To Tender The Outstanding Indebtedness Precludes**

14  **Equitable Relief**

15  A debtor seeking an injunction or other equitable relief must tender her

16  outstanding debt. *See FPCI Re-Hab 01 v. E & G Invs.,* 207 Cal. App. 3d 1018,

17  1021 (1989); *Sipe v. McKenna*, 88 Cal. App. 2d 1001, 1006 (1948) ("A party may

18  not without payment of the debt, enjoin a sale by a trustee under a power conferred

19  by a deed of trust, or have his title quieted."). A mortgagor may not maintain a

20  quiet title action against the mortgagee without first paying the outstanding debt on

21  which the subject mortgage is based. *Miller v. Provost*, 26 Cal. App. 4th 1703,

22  1707 (1994) ("[A] mortgagor of real property cannot, without paying his debt,

23  quiet his title against the mortgagee"); *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477

24  (1974) ("The cloud upon…title persists until the debt is paid").  Indeed, equitable

25  principles mandate that when a mortgagor seeks to quiet title as to a mortgagee

26  without first discharging her contractual obligations, such action should be

27  conditioned upon the return of amounts advanced by the mortgagee. *Burns v. Hiatt*,

28  149 Cal. 617, 621-22 (1906). This "tender rule" also applies to claims for

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   cancellation of instruments. *See Jelsing v. MIT Lending,* 2010 U.S. Dist. Lexis
2   38515 at *15 (S.D. Cal. July 9, 2010).

3        "The rules which govern tenders are strict and are strictly applied." *Nguyen*
4   *v. Calhoun*, 105 Cal. App. 4th 428, 439 (2003). A complaint that does not allege
5   such a tender does not state a claim for relief under California law. *McElroy v.*
6   *Chase Manhattan Mortg. Corp.*, 134 Cal. App. 4th 388 (2005).

7        Numerous federal courts have applied the tender rule in dismissing lawsuits
8   such as the one at hand. *See Nguyen*, 2010 U.S. Dist. LEXIS 113246 at *31-36
9   (citing cases); *Collins v. Power Default Services, Inc.*, 2010 U.S. Dist. LEXIS
10  3361, at *4-*6 (N.D. Cal. Jan. 24, 2010) (citing California state and federal cases).
11  "The application of the 'tender rule' prevents 'a court from uselessly setting aside a
12  foreclosure sale on a technical ground when the party making the challenge has not
13  established his ability to purchase the property.'" *Nguyen*, 2010 U.S. Dist. LEXIS
14  113246, at *32. The Ninth Circuit has also recognized and enforced this "tender
15  rule." *See Guerrero v. Greenpoint Mortg. Funding*, 2010 U.S. App. LEXIS 21617,
16  at *3 (9th Cir. Oct. 7, 2010) (borrowers "lacked standing to bring a claim for
17  'wrongful foreclosure,' because they failed to allege actual, full, and unambiguous
18  tender of the debt owed on the mortgage.")

19       Here, Plaintiff has not alleged that she tendered the outstanding debt, and the
20  foreclosure notices (the accuracy of which she does not dispute) confirm that that
21  he has not done so. *See* RJN, Exs. I-J. Therefore, Plaintiff's claims fail to the
22  extent she seeks equitable relief.

23  **B.   Declaratory Relief Is Not An Independent Cause Of Action**

24       As numerous federal courts have held, injunctive and declaratory relief are
25  remedies, not independent causes of action. *See Bridgeman, Jr. v. United States of*
26  *America*, 2011 U.S. Dist. Lexis 6059 at *59-*60 (E.D. Cal. Jan. 21, 2011) (citing
27  cases); *Santos v. Countrywide Home Loans*, 2009 U.S. Dist. LEXIS 103453, 2009
28  WL 3756337, at *5 (E.D. Cal. Nov. 6, 2009) ("Declaratory and injunctive relief are

1  not independent claims, rather they are forms of relief.") *Lane v. Vitek Real Estate*

2  *Indus. Group*, 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010) (same). Similarly, a

3  claim for cancellation of instruments "is really a claim for rescission . . . [a]nd

4  rescission is a remedy, not an independent cause of action." *Jelsing*, 2010 U.S.

5  Dist. Lexis 38515, at *15. Therefore, the Fourth Cause of Action dos not state a

6  claim for relief.

7  ### 12.  <u>CONCLUSION</u>

8  For each of the foregoing reasons, Wells Fargo requests that the Court grant

9  this motion to dismiss without leave to amend.

10

11  Respectfully submitted,

12  Dated:  December 1, 2014      ANGLIN, FLEWELLING, RASMUSSEN,
                                  CAMPBELL & TRYTTEN LLP
13

14                              By:  _____/s/ Viddell Lee Heard_____
15                                       Viddell Lee Heard
                                         vheard@afrct.com
16                              Attorneys for Defendant
17                              WELLS FARGO BANK, N.A., successor by
                                merger with Wells Fargo Bank Southwest, N.A.,
18                              formerly known as Wachovia Mortgage, FSB,
                                formerly known as World Savings Bank, FSB
19                              ("Wells Fargo")

20
21
22
23
24
25
26
27
28

*Left margin:* ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**CERTIFICATE OF SERVICE**

1

2          I, the undersigned, declare that I am over the age of 18 and am not a party to
3  this action.  I am employed in the City of Pasadena, California; my business
   address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S.
4  Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

5
           On the date below, I served a copy of the foregoing document entitled:
6

7        **WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION
              TO DISMISS COMPLAINT; MEMORANDUM OF
8                  POINTS AND AUTHORITIES**

9
   on the interested parties in said case as follows:
10

11          **Served Electronically Via the Court's CM/ECF System**

12                           Erikson M. Davis, Esq.
                              Tala Rezai, Esq.
13                        Real Estate Law Center, PC
                            695 Vermont Avenue
14                               Suite 1100
                            Los Angeles, CA 90005
15

16                          Tel: (213) 201-6353
                            Fax: (213) 281-9627
17

18

19          I declare under penalty of perjury under the laws of the United States of
   America that the foregoing is true and correct.  I declare that I am employed in the
20 office of a member of the Bar of this Court, at whose direction the service was
   made.  This declaration is executed in Pasadena, California on December 1, 2014.
21

22   _____          _/s/ Marianne Mantoen___
         Marianne Mantoen                    /s/ Marianne Mantoen
23        (Type or Print Name)              (Signature of Declarant)

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

93000/FR1470/01038279-2

CASE NO. 2:14-CV-08193-GW-JC
CERTIFICATE OF SERVICE